# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWB REO, LLC,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>TODD MACALUSO, ANGELA DAVENPORT MACALUSO, and DOES 1–5,<br><br>　　　　　　　　Defendants. | CASE NO. 10CV2687 JLS (RBB)<br><br>**ORDER (1) SUA SPONTE REMANDING CASE AND (2) DISMISSING EX PARTE MOTION TO CONSOLIDATE AS MOOT**<br><br>(Doc. No. 3.) |

　　　Plaintiff filed an unlawful detainer action against Defendants in the Superior Court of California for the County of San Diego on September 24, 2010. (Doc. No. 1, Exhibit A.) Soon thereafter, Defendants filed a notice of removal in federal court. (*Id.* at 1.) The Court finds that it lacks jurisdiction over this matter and *sua sponte* remands the case to the Superior Court of California for the County of San Diego.

　　　In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The

1  removing party bears the burden of establishing that federal subject matter jurisdiction exists.
2  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

3  The Court's subject matter jurisdiction encompasses federal question jurisdiction and
4  diversity jurisdiction. The Court discusses each in turn.

5  To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's
6  complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 US 826, 830 (2002). The
7  Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* 831. In this case,
8  Plaintiff's underlying claim is an unlawful detainer action filed under California law. (Doc. No. 1,
9  Exhibit A.) Defendants do not contest this and argue instead that "this [C]ourt has jurisdiction
10 pursuant to the Federal Fair Debt Collection Practices Act since it seeks to enforce an invalid deed
11 concerning real property." (Doc. No. 1 at 2.) Even assuming these allegations are true, they
12 cannot be taken into consideration for determining whether removal is appropriate. Consequently,
13 there is no federal question basis for removal.

14 There is also no basis for diversity jurisdiction in this case. Diversity jurisdiction requires
15 that the plaintiffs and defendants be of different citizenship and that the amount in controversy
16 exceed $75,000. 28 U.S.C. § 1332. Plaintiff's complaint indicates that the amount demanded does
17 not exceed $25,000. (Doc. No. 1, Exhibit A.) Because at least one of the two requirements for
18 diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal.

19 Defendants fail to establish that this Court has subject matter jurisdiction over the matter.
20 Thus, this matter is **REMANDED** to the Superior Court of California for the County of San
21 Diego. Defendants' ex parte motion to consolidate cases is **DISMISSED AS MOOT**. (Doc. No.
22 3.) The Clerk **SHALL** close the file.

23 **IT IS SO ORDERED**.

24

25 DATED: January 19, 2011

26 *Janis L. Sammartino*
   Honorable Janis L. Sammartino
27 United States District Judge

28